IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EARL L. PETERS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-3063 |
| | : | |
| CECIL FEDERAL SAVINGS BANK | : | |
| | : | |

...o0o...

**<u>MEMORANDUM</u>**

The plaintiff, Earl L. Peters, filed suit against defendant Cecil Federal Savings Bank ("Cecil Federal"), on October 11, 2005 in the Circuit Court for Cecil County, Maryland, alleging two counts: fraud and a violation of the Maryland Consumer Protection Act., § 13-101 et seq. of the Commercial Law Article. On November 11, Cecil Federal removed the case to this court, answered the complaint, and filed a third party complaint against the plaintiff's wife, Georgia L. Peters. On December 8, Ms. Peters and the plaintiff independently filed motions to remand, which Cecil Federal opposed.[1] The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, the motions to remand will be granted.

Under the "well-pleaded complaint" doctrine, a valid basis for federal jurisdiction generally only arises if the plaintiff's properly-pleaded complaint raises issues of federal law. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). Conversely, a plaintiff, as master of her claim, may avoid federal jurisdiction by exclusively relying on state law in her complaint. *See id.* Mr. Peters' complaint does not allege a federal cause of action on its face. Cecil Federal argues that removal was nonetheless proper, under the substantial federal question or complete preemption doctrines. In essence, Cecil Federal contends that Mr. Peters' claims either require

---

[1] To be precise, Ms. Peters filed a Motion to Dismiss or in the Alternative to Remand.

construction of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), or are completely preempted thereby. However, the only "substantial question" potentially raised by Mr. Peters' claims would be the extent of the FCRA's preemptive effect on them. Even assuming the FCRA does preempt these claims, the relevant provisions of the FCRA have not been determined to meet the high standard set by the Supreme Court as to complete preemption. *See Beneficial National Bank v. Anderson*, 539 U.S. 1, 6-9 (2003); *see also Swecker v. Trans Union Corp.*, 31 F.Supp.2d 536, 540 (E.D.Va.1998) and *Rule v. Ford Receivables, Inc.*, 36 F.Supp.2d 335 (S.D.W.Va.1999) (rejecting arguments that the FCRA completely preempts all state claims as to credit reporting).

Thus, this case would present, at most, a defense by Cecil Federal based on federal preemption, which does not provide federal subject matter jurisdiction. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) (noting that ordinary preemption is a federal defense to allegations and, as a mere defense, preemptive effect of federal statute will not provide basis for removal, even if preemption forms very core of litigation). With no basis for federal jurisdiction, the case will be remanded under 28 U.S.C. § 1447(c).

A separate Order follows.

   January 18, 2006                                          /s/
        Date                                              Catherine C. Blake
                                                        United States District Judge